**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                             **Case No. 09-CR-109**

**ALFONSO SALVIDAR**
        **Defendant.**

---

### ORDER

Defendant Alfonso Saldivar pleaded guilty to conspiracy to possess with intent to distribute 5 kilograms of more of cocaine. At his December 13, 2010, sentencing hearing, I adopted the guideline calculations in the pre-sentence report ("PSR"): base offense level 32 based on a drug weight of 5-15 kilograms of cocaine, U.S.S.G. § 2D1.1(c)(4) (2010); plus 2 levels for firearm possession, U.S.S.G. § 2D1.1(b)(1); plus 4 levels for role in the offense under U.S.S.G. § 3B1.1; and minus 3 levels for acceptance of responsibility under U.S.S.G. § 3E1.1, for a final offense level of 35. Coupled with defendant's criminal history category of IV, level 35 produced an imprisonment range of 235-293 months. On consideration of the 18 U.S.C. § 3553(a) factors, I imposed a sentence of 120 months, the minimum term required by statute.

On December 5, 2014, defendant filed a petition for reduction of his sentence based on guideline Amendment 782.[1] Under 18 U.S.C. § 3582(c)(2), the district court may, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, reduce the term

---

[1] He also requested an attorney be appointed to assist him in this matter. Federal Defender Services reviewed the case but declined to file anything on his behalf.

of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The Commission has designated Amendment 782, which generally reduces offense levels in drug trafficking cases by 2, for retroactive application. See U.S.S.G. § 1B1.10(d) (policy statement). Under that Amendment, defendant's base offense level drops to 30, U.S.S.G. § 2D1.1(c)(5) (2014), and his imprisonment range to 188-235 months.

The court may not reduce a defendant's term of imprisonment to less than the minimum of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A). Defendant's current sentence is already below the minimum of the amended range. He therefore cannot receive a reduction. Any further reduction in this case would also be blocked by the statutory mandatory minimum. See United States v. Poole, 550 F.3d 676 (7th Cir. 2008); U.S.S.G. § 1B1.10 cmt. n.1(A).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 121) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge